UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | | |
|---|---|---|
| OOIDA RISK RETENTION GROUP, INC., | ) ) ) | 3:15-CV-0081-RCJ (VPC) |
| Plaintiff, | ) ) | **ORDER** |
| vs. | ) ) | April 13, 2017 |
| MARC A. BORDEAUX, et al., | ) ) ) | |
| Defendants. | ) ) | |

PRESENT:    <u>THE HONORABLE VALERIE P. COOKE</u>, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:    <u>    LISA MANN    </u>    REPORTER: <u>NONE APPEARING</u>

COUNSEL FOR PLAINTIFF(S): <u>NONE APPEARING</u>

COUNSEL FOR DEFENDANT(S): <u>NONE APPEARING</u>

**MINUTE ORDER IN CHAMBERS:**

Before the court is the request for an immediate status conference (ECF No. 151).[1] By their motion, the movants ask this court for an immediate hearing to better understand the purpose and procedure for the May 3, 2017 hearing. The purpose of the hearing is evident. OOIDA has filed a motion for sanctions against Mr. Burts and his counsel based upon two grounds: the court's inherent powers and 28 U.S.C. § 1927. The parties have filed their papers and have supplied the court with many, many exhibits and declarations, not only in support of their respective positions concerning the motion for sanctions, but also over the course of the past twenty-four months of discovery and non-dispositive motion practice.

OOIDA's motion for sanctions asks the court to sanction Mr. Burts and counsel, either jointly or severally, and requests specific relief as follows:

1.    That Burts be judicially estopped from seeking to enforce any new judgment he may obtain as the fruit of his alleged misdeeds;

2.    Alternatively, that the court declare that for purposes of this case, Burts is bound by the original judgment based upon principles of estoppel and that the case

---

[1] On April 10, 2017, Scott Glogovac, Esq. filed a notice of appearance (ECF No. 150). It states that Margo Piscevich, Esq. is making an appearance on behalf Thomas R. Brennan, Sean P. Rose, and Scott Glogovac. Local Rule IC 2-1 requires "attorneys who are admitted to the bar of this court . . . [to] register as a 'filer' to file documents electronically and must file all documents electronically. . . ." If Ms. Piscevich intends to act as counsel for the individuals listed above, she shall comply with the rule immediately.

proceed as it stood the day before the judgment in state court was allegedly vacated;

3. Under either alternative set forth above, that OOIDA be awarded monetary sanctions against Burts and his attorneys, and each of them jointly and severally, pursuant to 28 U.S.C. § 1927 or the court's inherent power in an amount to be determined at a later hearing, to fairly compensate it for the sums it has expended in this proceeding due to alleged vexatious multiplication of these proceedings; and

4. Such other relief the court deems proper.

The purpose of this hearing is twofold. First, OOIDA requested oral argument on its motion (ECF No. 140), and it is the court's practice to grant oral argument when it is requested. The court anticipates that counsel will make oral arguments for or against the motion for sanctions. Second, the parties have supplied the court with declarations, exhibits, and deposition testimony in support of their positions, but also over the course of the many disputes that appear to have begun in 2014 and continue to the present. This evidence is integral to the disputes outlined in the briefs concerning OOIDA's motion for sanctions, as well as the relief requested.

In anticipation of the May 3, 2017 hearing, the court has spent considerable time reviewing prior motions and exhibits, case management minutes, and transcripts of hearings, as well as the evidence supplied for and against those motions. The purpose of this review has been to better understand the chronology of events that has resulted in the motion for sanctions, but also Mr. Burts's decision to withdraw the September 25, 2015 judgment he obtained in the underlying state court case (ECF No. 66, Ex. 34). Having engaged in that review, the court determined that the individuals ordered to appear at the May 3rd hearing shall be present to testify, if called upon to do so, and to answer the court's questions about the facts underlying the motions for sanctions and subsequent briefing.

At this time, the court does not believe a status conference is necessary, since it has endeavored to provide counsel and the parties' guidance through the amended order (ECF No. 144) and this order. The court urges counsel to meet and confer about how they intend to proceed at the hearing. If after that conferral, counsel require further direction of this court, they have leave to do so. However, prior to such a request, the parties shall submit a joint report to advise the court of any agreements reached or disputes concerning any aspect of the hearing. Thereafter, the court will decide whether a hearing in advance of the one set for May 3, 2017 is necessary.

The motion for immediate status conference (ECF No. 151) is **DENIED**. However, the parties have leave to renew this request in accordance with this order.

**IT IS SO ORDERED.**

                                      DEBRA K. KEMPI, CLERK

By: _____/s/_____
                          Deputy Clerk