**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| OOIDA RISK RETENTION GROUP, | ) <br> ) |
| Plaintiff, | ) <br> ) 3:15-cv-00081-RCJ-VPC |
| vs. | ) <br> ) |
| MARC A. BORDEAUX et al., | ) **ORDER** <br> ) |
| Defendants. | ) <br> ) |

This case arises out of an alleged breach of a policy of insurance by an insured in a state court lawsuit, which in turn arises out of a truck crash. Pending before the Court is a motion to stay an impending hearing on a sanctions motion before the Magistrate Judge.

## I. FACTS AND PROCEDURAL HISTORY

In May 2014, Robert Burts sued Marc Bordeaux ("Bordeaux"), Joan Bordeaux, and Marc and Joan Bordeaux's business Graphic Concepts in Nevada state court ("the Lawsuit") to recover for injuries Bordeaux sustained in a 2013 Pennsylvania truck crash. (Am. Compl. ¶ 12, ECF No. 30; Lawsuit, ECF No. 1-3). Burts alleges in the Lawsuit that Bordeaux fell asleep while driving a truck in which Burts was a passenger. (*Id.* ¶ 13). Bordeaux asked OOIDA Risk Retention Group, Inc. ("OOIDA") to defend the Lawsuit and indemnify him under a policy of insurance issued by OOIDA to Bordeaux, d.b.a. Graphic Concepts ("the Policy"). (*Id.* ¶¶ 7, 15). Pursuant to a reservation of rights, OOIDA defended Bordeaux in the Lawsuit. (*Id.* ¶ 16).

In October 2014, OOIDA sued Bordeaux and Burts in this Court for a declaration that the Policy does not cover the claims made by Burts in the Lawsuit and for a judgment against Bordeaux to recover monies OOIDA paid to defend the Lawsuit. On or about July 1, 2015, while OOIDA was still defending the Lawsuit, Burts and Bordeaux entered into a settlement agreement ("the Settlement") without OOIDA's consent or knowledge, providing for a stipulated judgment against Bordeaux. (*Id.* ¶¶ 18–20). The Settlement also provides that Burts will not seek to enforce the resulting judgment against Bordeaux, and Bordeaux assigned to Burts any claims he may have against OOIDA. (*Id.* ¶¶ 21). Burts then filed a motion in the Lawsuit to asking the court to fix damages under the Settlement. (*Id.* ¶ 22). In the Amended Complaint ("AC") filed in August 2015, OOIDA alleges that coverage is excluded under up to four separate exclusionary provisions in the Policy, (*id.* ¶ 33), that Bordeaux breached conditions precedent under the Policy by settling Burts's claim without OOIDA's consent and failing to cooperate with OOIDA's defense of the Lawsuit, (*id.* ¶ 34), and that the Settlement and any resulting judgment are unenforceable against OOIDA, (*id.* ¶ 35). Burts filed a Counterclaim for breach of contract, insurance bad faith, and unfair trade practices.

In February 2016, the Magistrate Judge granted in part Burts's motion to compel, denying production of certain documents as work product, ordering certain documents to be provided to Burts without redactions, and ordering certain documents to be submitted for *in camera* review.[1] The Magistrate Judge denied Burts's separate motion for a protective order against discovery of certain documents. Judges Du and McKibben recused in turn when Burts moved to disqualify OOIDA's local counsel (from a law firm with which those judges were

---

[1] The Magistrate Judge ruled later that month that the documents submitted *in camera* had been properly withheld.

formerly associated). Burts argued that OOIDA had retained the law firm for the sole purpose of causing a recusal. The Magistrate Judge denied the motion to disqualify as moot.

In September 2016, the Magistrate Judge granted OOIDA's motion to stay all deadlines and ordered briefing on the effect of a stipulation to vacate the judgment in the Lawsuit (filed in the Lawsuit). While briefing was ongoing, Burts filed a motion for partial defensive summary judgment against the AC and a motion for partial offensive summary judgment on the Counterclaim. In December 2016, after a hearing on the briefings, the Magistrate Judge struck the motions for summary judgment because they violated the stay order, continued the stay, and requested additional briefing.

In January 2017, OOIDA asked the Magistrate Judge to sanction Burts and his counsel under 28 U.S.C. § 1927 and the Court's inherent power by improperly using discovery and other processes in the present case to obtain an advantage in the Lawsuit. The Magistrate Judge has set a hearing for May 3–4, 2017. Burts and his attorneys have now asked the Court to stay that hearing.

**II. DISCUSSION**

Movants argue that they believe the Magistrate Judge "intends to effectively try the facts of OOIDA's underlying case in an extended 'evidentiary hearing,' purportedly in the posture of 'sanctions' hearing." The motion is denied. If the Magistrate Judge enters an order on the sanctions motion that one or more parties believes is in excess of her authority under § 636 or contrary to law generally, they may make an appropriate motion under Rule 72(a) or 72(b), as appropriate. But the Court will not disturb the Magistrate Judge's discretion to manage the sanctions motion—which Movants do not argue she does not have the statutory authority to determine as a general matter—based on such speculation. Certainly no jury rights will be imperiled by any order resulting from the hearing. Any findings of fact will only be law of the

case as to the sanctions issue and subject to objection under Rule 72(a). The findings will not bind the Court or the parties as to any claims or defenses, whether or not jury rights have been preserved thereto, and any sanctions imposed that are determinative of any claim or defense will not be in the form of an order but a recommendation subject to de novo review after briefing under Rule 72(b).

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Stay (ECF No. 164) is DENIED.

IT IS SO ORDERED.

Dated this 2nd day of May, 2017.

_____
ROBERT C. JONES
United States District Judge